**Calvin TATE, Plaintiff,**

v.

**UNION OIL CO. OF CALIFORNIA, Defendant.**

**Civil Action No. 96–1249.**

United States District Court, E.D. Louisiana.

June 17, 1997.

John G. Munoz, Brien J. Fricke, Robert D. Peyton, New Orleans, LA, for Plaintiff.

Daniel E. Knowles, New Orleans, LA, for Defendant.

## ORDER AND REASONS

BERRIGAN, District Judge.

This matter is before the Court on motion in limine to exclude evidence of criminal conviction filed by plaintiff, Calvin Tate ("Tate"). Having considered the record, the applicable law, and the parties' arguments, the Court grants plaintiff's motion.

### Background

This matter arises from alleged injuries plaintiff suffered in August 1995 while working aboard an offshore platform operated by the defendant, Union Oil Company of California ("Union Oil"). During plaintiff's deposition, defense counsel elicited testimony regarding plaintiff's 1989 arrest for possession of cocaine with the intent to distribute and subsequent guilty plea to multiple state and federal charges. Tate testified that he had served three and a half years in prison for those crimes.

In response to Union Oil's stated intentions to raise the conviction at trial, Tate has moved to exclude such testimony or evidence. He argues that the conviction is inadmissible for purposes of impeachment pursuant to Federal Rule of Evidence 609. Plaintiff further contends that the criminal conviction is inadmissible under Federal Rule of Evidence 403.

Defendant, on the other hand, argues that the criminal conviction is "clearly admissible" to impeach plaintiff pursuant to Rule 609, citing *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989) and *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838 (5th Cir.1991) (per curiam).

## Discussion

1. Applicability of Rule 609(a)(1)'s special balancing test.

Plaintiff contends that the Court should evaluate the admissibility of the conviction by balancing probative value against prejudicial effect pursuant to Rule 609(a)(1)'s special test. Rule 609(a)(1) states:

> [Impeachment] evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused. . . .

Rule 609(a)(1)'s standard for admission of impeachment evidence against an "accused"—i.e., whether the probative value outweighs prejudicial effect to the accused—is more restrictive than the standard Rule 403 balancing test—e.g., exclusion warranted only if the danger of unfair prejudice *substantially* outweighs the probative value. However, Rule 609(a)(1)'s more restrictive standard is limited to impeachment evidence against the "accused." As the Supreme Court has stated, Rule 609(a)(1)'s reference to "accused" means that the special balancing test only applies to criminal defendants. *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 523–24, 109 S.Ct. 1981, 1991–92, 104

L.Ed.2d 557 (1989); *see also* Advisory Committee Notes to 1990 Amendment of Rule 609. Thus, Rule 609(a)(1)'s special balancing test does not apply to plaintiff in this civil matter. Accordingly, the Court rejects plaintiff's assertion that the conviction's admissibility should be evaluated according to whether the prejudicial effect outweighs the probative value under the language of Rule 609(a)(1).

2. Applicability of Rule 403 to Rule 609(a)(1) evidence.

Plaintiff also argues that the Court should apply Federal Rule 403 in regards to the admissibility of the conviction. Under Rule 403, plaintiff contends that the conviction should be excluded due to its undue prejudice.[1] Defendant argues that the Court must allow impeachment of the witness with evidence of a prior felony conviction regardless of the resulting unfair prejudice. (Thus presumably implying that Rule 403 does not apply to Rule 609(a)(1) impeachment evidence.) In support of this "clearly admissible" nature of plaintiff's prior conviction, defendant cites the Supreme Court's holding in *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989) and the Fifth Circuit's citation to *Green* in *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838 (5th Cir.1991) (per curiam). Defendant correctly notes that the Supreme Court stated in *Green:* "In summary, we hold that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions *regardless of ensuant unfair prejudice to the witness or the party offering the testimony.*" *Green*, 490 U.S. at 527, 109 S.Ct. at 1994 (emphasis added). What defendant fails to note, however, is that the *Green* holding depended upon the Supreme Court's analysis that Rule 403's balancing test *did not* apply to Rule 609.[2] *Green*, 490 U.S. at 524–26, 109 S.Ct. at 1992–

1. Rule 403 states:
   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

2. The Supreme Court stated, "Thus, Rule 609(a)(1)'s exclusion of civil witnesses from its weighting language is a specific command that the impeachment of such witnesses be admitted, which overrides a judge's general discretionary authority under Rule 403."

93. This holding was abrogated when Congress revised Rule 609(a)(1) in 1990 in direct response to *Green*. *See* Advisory Committee Note to 1990 Amendment of Rule 609. Rule 609(a)(1) now explicitly states that impeachment evidence under Rule 609(a)(1) *is* subject to Rule 403.[3] Rule 609(a)(1) was amended in January 26, 1990, and became effective in December 1, 1990.

■ Neither party in this matter addresses the effect of the 1990 amendment. And both parties cite the Fifth Circuit's opinion in *Smith v. Tidewater*—a 1991 opinion that applied *Green*. Accordingly, the Court next addresses whether *Smith* applies to this matter. The *Smith* court stated: "Both sides to this dispute agree that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of the unfair prejudice to the witness or the party offering the testimony. *See Green v. Bock Laundry Machine,* 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557." *Smith,* 927 F.2d at 840. The Fifth Circuit went on to apply the *Green* rule, disregarding Rule 403. *Id.* The *Smith* court did not discuss the effect of the 1990 amendment or the basis upon which it was applying *Green's* holding regarding the old Rule 609(a)(1) to its decision rendered in 1991; perhaps it considered that the *Smith* trial occurred before the effective date of the amendment in 1990. In any case, this Court declines to read *Smith* as applying *Green's* holding to matters governed by amended Rule 609. Under the rule now in effect, Rule 403 explicitly applies to Rule 609(a)(1).

3. Application of Rule 403 to plaintiff's felony conviction.

■ Accordingly, the Court applies the requirements of Rule 403 to the impeachment evidence defendant seeks to admit under Rule 609(a)(1). Plaintiff suggests that Rule 403 warrants exclusion because the danger of unfair prejudice substantially outweighs the probative value. Defendant, on the other hand, offers two reasons why

plaintiff's felony conviction is significantly probative. Defendant first argues that it seeks to use the conviction to impeach plaintiff's deposition testimony regarding the alleged accident at issue. Specifically, defendant wishes to address inconsistencies in plaintiff's deposition testimony regarding the accident. Defendant also argues that the conviction is relevant regarding damages to establish a substantial gap in employment prior to the alleged accident.

The Court notes, however, that defendant does not claim that the plaintiff's previous conviction involved dishonesty or a false statement or that plaintiff made any dishonest representations when answering questions about his criminal history during the deposition. Also, the alleged accident at issue in this matter is totally unrelated to the prior conviction. Furthermore, defendant's desire to impeach plaintiff's allegedly contradictory deposition testimony regarding the accident can be accomplished by directly presenting such contradictory statements. The unrelated conviction provides minimal probative impeachment value in this regard and poses significant risk of prejudicing or confusing the jury as to the issues in this matter.

In regards to the damages issue, the Court agrees that plaintiff's employment history is relevant. However, the Court also notes that plaintiff's lack of previous employment may be established without specifically mentioning his incarceration or felony conviction.

In light of these factors, the Court finds that the unrelated criminal conviction poses a danger of unfair prejudice that substantially outweighs any probative value at this time. While the Court may reconsider at trial if appropriate, it finds it proper to grant the motion at this time.

Accordingly,

IT IS ORDERED that plaintiff's motion in limine to exclude evidence of criminal convic-

---

3. As the Advisory Committee notes state, "The amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403 ... is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant."

tion is GRANTED. Evidence of plaintiff's 1990 conviction is inadmissible at trial.